UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

NARENDRA DINDIYAL

    Plaintiff

v.

STELLAR RECOVERY INC.

    Defendant
_____/

## COMPLAINT

### JURISDICTION and PARTIES

1. This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et. seq.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331 and 1337(a) and 15 U.S.C. §1692k(d).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4. Plaintiff, NARENDRA DINDIYAL ("DINDIYAL") is a natural person residing at all relevant times in Broward County, Florida.

5. Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6. Defendant STELLAR RECOVERY INC. is a Florida Corporation with its principle place of business in Kalispell, MT, which is in the business of collecting consumer debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, including collection upon consumers located in Broward County, Florida.

7. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. 1692a(6).

## FACTS

8. On or about March 31, 2012, an agent or employee of STELLAR placed a call to the phone number 612-382-3597, which phone number belonged to and was in the name of the Plaintiff's minor son, and who does not live with the Plaintiff, and which number was never registered to the Plaintiff.

9. Defendant had never requested and Plaintiff had never provided any consent for Defendant to communicate in any way with Plaintiff's children.

10. During said phone call, an agent or individual acting under the control and direction of Defendant informed the Plaintiff's daughter, who had answered the Plaintiff's son's phone, either through recorded message or live conversation, that the agent had an important message for Narendra Dindiyal and requested that the Plaintiff call the agent back.

11. On or around May 7, 2012, the Defendant then called the Plaintiff directly, with an automated robotic voice stating that the call was for "Narendra Dindiyal," and instructed the Plaintiff to press "1" if he was Narendra Dindiyal. Upon pressing "1," the Plaintiff was transferred to an agent and employee of the Defendant who asked whether the person that was on the line (the Plaintiff) was Narendra Dindiyal. When the Plaintiff responded in the affirmative, the Defendant hung up.

12. Additionally, on a separate occasion in May 2012, upon speaking with a representative, agent, and employee of the Defendant named "Violet Benson," in order to discuss the alleged debt, the Plaintiff was informed by Ms. Benson, in an effort to

coerce the Plaintiff to pay the debt, that the Defendant was one of the only collection agencies or companies that works directly with the credit bureaus or agencies.

13. In fact, such a statement is completely false, and misleading in that there is no such thing as working "directly with the credit bureaus," or otherwise, Defendant does not work with the credit bureaus any more or less directly than any other collection agency. In fact, all collection agencies which work with credit bureaus work "directly" with such bureaus. Such a statement also provides a false and misleading impression that the Defendant somehow holds a position of greater influence or wields greater or more direct or immediate power with the credit bureaus, and thus over Plaintiff's credit, than other collection agencies.

14. The agents in each of the calls above were at all times working within the course, scope and authority of their employment with STELLAR or otherwise shared a common purpose or goal with STELLAR, or otherwise acted at the discretion of or under the management or operation of STELLAR. STELLAR is responsible for the errors, actions and omissions of the individual operators named above, who were attempting to collect debts on behalf of, and for the benefit of, their principal, STELLAR.

15. Each and every one of the calls and messages alleged above were in an attempt to collect consumer debt allegedly owed by the Plaintiff, as defined by 15 U.S.C. §1692a(5).

16. Each and every one of the calls and messages above are communications under the FDCPA. See Berg v. Merchants Ass'n Collection Div., Inc. 586 F.Supp.2d 1336 (S.D. Fla. 2008)

## COUNT I – VIOLATION OF THE FDCPA
## COMMUNICATION WITH THIRD PARTY

17.   Plaintiff realleges and reavers paragraphs 1-16 as if fully set forth herein.

18.   The foregoing acts in constituting repeated communication with the Plaintiff's children, without the consent or permission of the Plaintiff, is a violation of 15 U.S.C. §1692c(b).

19.   The exception in 15 U.S.C. §1692b is not applicable because the Defendant had location information for the Plaintiff, and furthermore the communications did not comply with 15 U.S.C. §1692b(1).

20.   As a result of the violations herein, the Plaintiff has suffered damages, including but not limited to stress, anxiety, and embarrassment, and is additionally entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT II – VIOLATION OF THE FDCPA – FALSE OR MISLEADING
## REPRESENTATIONS

21.   Plaintiff realleges and reavers paragraphs 1-16 as if fully set forth herein.

22. The allegations herein constitute false and misleading representations in violation of:

   a) 15 U.S.C. §1692e and §1692e(10) in that the allegations above regarding Defendant's statements regarding its relationship to credit bureaus or agencies, constitute false and misleading representations, taken in an effort to collect the debt from the Plaintiff;

   b) 15 U.S.C. §1692e(11) in that the May 7, 2012 call from the Defendant failed to disclose that the call was from a debt collector; <u>Foti v. NCO Financial Systems Inc</u>. 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

### COUNT III – VIOLATION OF THE FDCPA
### FAILURE TO DISCLOSE THE DEFENDANT'S IDENTITY

23. Plaintiff realleges and reavers paragraphs 1-16 as if fully set forth herein.

24. The communications above, wherein Defendant's agents' messages and communications failed to contain or communicate meaningful identification or disclosure of the Defendant's identity, name, capacity, or to identify the nature of the call, are in violation of 15 U.S.C. §1692d(6).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. §1692k(a)(2)(A); Costs pursuant to 15 U.S.C. §1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## JURY TRIAL

Plaintiff hereby requests a jury trial on all matters so triable as a matter of right.

DATED this 24 day of June 2012

Respectfully Submitted by:

Jason Weaver Esq.
FBN 0392596
Jason Weaver P.A.
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515/ (954) 964-3764 (fax)
jason@jasonweaverpa.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

1. I am the Plaintiff in this civil proceeding
2. I have read the above Complaint prepared by my attorneys and I believe that all the facts contained in it are true to the best of my knowledge information and belief after reasonable inquiry.
3. I believe that this Complaint and the facts alleged therein are well grounded in fact and warranted by existing law or by a good faith argument for the extension of modification or reversal of existing law.
4. This Complaint is not interposed for any improper purpose such as to harass or annoy the Defendants or create needless increase in the cost of litigation to any Defendant in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which is attached to this complaint is a true and correct copy of the original.
7. Except for redactions made by my attorneys where appropriate, I have not altered, modified or fabricated any exhibits, except that some exhibits may contain handwritten notations by me.

Pursuant to 28 U.S.C. 1746(2), I NARENDRA DINDYAL, hereby declare, certify, or state, under penalty of perjury, that the foregoing is true and correct.

_____     6/28/12
NARENDRA DINDYAL                          DATE