IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-61375-CIV-DIMITROULEAS

NARENDRA DINDIYAL,

    Plaintiff,

v.

STELLAR RECOVERY INC.,

    Defendant.
_____/

### DEFENDANT, STELLAR RECOVERY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, **STELLAR RECOVERY INC.,** by and through their undersigned counsel, and hereby file its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

### JURISDICTION AND PARTIES

1. Admitted for the purposes of claims identification only; otherwise denied.

2. Admitted for purposes of jurisdiction and venue only; otherwise denied.

3. Admitted for purposes of venue only; otherwise denied.

4. Unknown at this time, therefore denied; Defendant demands strict proof thereof.

5. Unknown at this time, therefore denied; Defendant demands strict proof thereof.

6. Admitted.

7. Admitted that under certain circumstances, Defendant may fall under the definition of "debt collector" as defined in 15 U.S.C. § 1692a(6); otherwise denied.

### FACTS

8. Denied; Defendant demands strict proof thereof.

9. Denied; Defendant demands strict proof thereof.

10. Denied; Defendant demands strict proof thereof.

11. Denied; Defendant demands strict proof thereof.

12. Denied; Defendant demands strict proof thereof.

13. Denied; Defendant demands strict proof thereof.

14. Denied; Defendant demands strict proof thereof.

15. Denied; Defendant demands strict proof thereof.

16. Denied; Defendant demands strict proof thereof.

## COUNT I – VIOLATION OF THE FDCPA- COMMUNICATION WITH THIRD PARTY

17. Defendant re-alleges and incorporates by reference the specific responses contained in Paragraphs 1 through 16 above as if fully stated herein.

18. Denied; Defendant demands strict proof thereof.

19. Denied; Defendant demands strict proof thereof.

20. Denied; Defendant demands strict proof thereof.

## COUNT II – VIOLATION FO THE FDCPA - FALSE OR MISLEADING REPRESENTATION

21. Defendant re-alleges and incorporates by reference the specific responses contained in Paragraphs 1 through 20 above as if fully stated herein.

22. Denied; Defendant demands strict proof thereof.

## COUNT III – VIOLATION OF THE FDCPA- FAILURE TO DISCLOSE THE DEFENDANT'S IDENTITY

23. Defendant re-alleges and incorporates by reference the specific responses contained in Paragraphs 1 through 22 above as if fully stated herein.

24.  Denied; Defendant demands strict proof thereof.

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

**Second Affirmative Defense**

Defendant affirmatively alleges that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k, since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that at all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

**Sixth Affirmative Defense**

Defendant affirmatively alleges that this action was brought in bad faith and for the purpose of harassment, entitling the defendant to an award of attorney's fees reasonable in relation to the work expended and costs, pursuant to 15 USC Section 1692k and 28 USC Section 1927.

WHEREFORE, Defendant, **STELLAR RECOVERY INC.**, respectfully request that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

**JURY DEMAND**

Defendant, **STELLAR RECOVERY INC.** demands a trial by jury.

Respectfully submitted,

 /s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No. 0110108
SOUTH MILAHAUSEN, P.A.

## **CERTIFICATE OF SERVICE**

I certify that the foregoing ANSWER was filed and served on **August 13, 2012**, via the Court Clerk's CM/ECF system which will provide notice to the following:

> Jason Weaver, Esquire
> Jason Weaver, P.A.
> 3531 Griffin Road
> Ft. Lauderdale, FL 33312
> Jason@jasonweaverpa.com

>  /s/ *Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III
> Florida Bar No. 0110108
> SOUTH MILAHAUSEN, P.A.
> Gateway Center
> 1000 Legion Place, Suite 1200
> Orlando, Florida 32801
> (407) 539-1638
> (407) 539-2679 (fax)
> skohlmyer@southmilhausen.com
> Attorneys for Defendant